UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TROY SUTTON,

             Petitioner,                                98 Civ. 6391(KMW)(THK)
                                                      <u>OPINION AND ORDER</u>

    -against-

WAYNE L. STRACK,

            Respondent.
------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

    Petitioner Troy Sutton ("Petitioner") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Petitioner challenges his 1991 conviction in New York State Supreme Court, New York County, for conspiracy in the second degree.

    Petitioner seeks habeas relief on the grounds that: (1) he was denied effective assistance because his trial counsel ("Segal") previously represented a prosecution witness ("Logan") (the "Conflict of Interest Claim"); (2) he was denied effective assistance because Segal was under investigation for various disciplinary charges at the time of Petitioner's trial, and Segal was subsequently disciplined by the Appellate Division for numerous violations (the "Discipline Claim"); (3) the trial court improperly admitted evidence of a prior uncharged crime (the "Uncharged Crime Claim"); and (4) the trial court improperly

1

questioned witnesses and made sarcastic comments during the trial (the "Trial Court Misconduct Claim"). (Pet. ¶ 12; D.E. 2.)

**I. Procedural History**

**A. State Court Proceedings**

On October 30, 1991, Petitioner was convicted after a jury trial in New York State Supreme Court, New York County, of conspiracy in the second degree. The trial court sentenced Petitioner to an indeterminate prison term of eight and one-third to twenty-five years. See People v. Sutton, 633 N.Y.S.2d 122, 123 (N.Y. App. Div. 1995).

Petitioner appealed his conviction to the Appellate Division, First Department. On direct appeal, Petitioner argued, inter alia, the Conflict of Interest Claim and the Uncharged Crime Claim. (See Resp't Aff. Ex. B.; D.E. 8.) On October 31, 1995, the Appellate Division unanimously affirmed Petitioner's conviction. See Sutton, 633 N.Y.S.2d at 123. Petitioner filed an application for leave to appeal to the New York Court of Appeals, which was denied on January 4, 1996. (See Resp't Aff. Ex. D.)

Petitioner also moved to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10. On collateral review, Petitioner argued, inter alia, the Discipline Claim and the Trial Court Misconduct Claim. (See Pet. Ex. C.) On June 27,

1997, the trial court denied Petitioner's CPL § 440.10 motion. (See id.)  Petitioner moved to appeal this decision, but his motion was denied on January 15, 1998.  (See Pet. Ex. D.)

**B.   Federal Court Proceedings**

Petitioner timely filed the Petition before this Court.  On February 8, 2000, Magistrate Judge Theodore H. Katz issued a Report and Recommendation (the "Report"), familiarity with which is assumed.  The Report recommended that the trial "court's failure to conduct any inquiry whatsoever [into the potential conflict of interest] requires this Court to grant the petition for habeas corpus under the Second Circuit's automatic reversal rule."  (Report 23; D.E. 10.)  Although the Report recommended granting the Petition based on the Conflict of Interest Claim (see Report 2, 15-24, 31), it also recommended denying the Discipline Claim (see id. at 24-28), the Uncharged Crime Claim (see id. at 28-31), and the Trial Court Misconduct Claim (see id. at 10-15).

On February 2, 2001, this Court adopted the Report's recommendation and granted the Petition based on the Conflict of Interest Claim.  Specifically, the Court found that "[t]he Second Circuit firmly holds that the automatic reversal rule, as relied on in this Order, represents clearly established Supreme Court precedent as set forth in Wood, Cuyler, and Holloway."  Sutton v.

3

Strack, No. 98 Civ. 6391, 2001 U.S. Dist. LEXIS 1132, at *8-9 (S.D.N.Y. Feb. 8, 2001).  As a result, the Court did "not find it necessary to reach the other grounds" raised in the Petition. Id. at *9.

On March 6, 2001, Respondent Wayne L. Strack ("Respondent") appealed the Court's February 2, 2001 Order.  (D.E. 16.)  On March 27, 2002, the Supreme Court of the United States decided Mickens v. Taylor, 535 U.S. 162 (2002) ("Mickens"), holding in relevant part that automatic reversal is not required "when the trial court neglects a duty to inquire into a potential conflict of interest."  Id. at 172, n.3 (citations omitted).  In light of this holding, the Second Circuit vacated the Court's February 2, 2001 Order, and remanded the case so "that [this Court] may determine in the first instance the applicability of Mickens to [P]etitioner's case."  (D.E. 21.)

This Court then (1) ordered the parties to brief whether Mickens required a different result (D.E. 22); (2) directed Respondent to submit an affidavit from Segal regarding the potential conflict at issue in the Conflict of Interest Claim (D.E. 36, 39); and (3) held two hearings to address the nature and scope of Segal's potential conflict of interest (D.E. 47-49).

On October 22, 2007, after reviewing the parties'

4

submissions, the Court denied Petitioner's Conflict of Interest Claim. (See Oct. 22, 2007 Order 2, 6, 7; D.E. 58.) The Court directed the parties "to file additional written objections to the portions of the [Report] that the Court has not yet ruled upon" - specifically, the Report's analysis of the Discipline Claim, the Uncharged Crime Claim, and the Trial Court Misconduct Claim. (Id. at 6, 7.)

Petitioner then (1) filed a motion for reconsideration of the denial of the Conflict of Interest Claim, and (2) "waived his objections" to the remaining portions of the Report. (Pet'r Mem. 1; D.E. 59.) Respondent (1) opposed the motion for reconsideration, and (2) presented no objections to the remaining portions of the Report. (See Resp't Mem. 1-7; D.E. 61.)

For the reasons stated below, the Court (1) denies Petitioner's motion for reconsideration, and (2) adopts the remaining portions of the Report. Accordingly, the Court DENIES the Petition in its entirety.

## II. The Conflict of Interest Claim

Petitioner's conviction and sentence stemmed from his involvement in a crack-cocaine ring. Petitioner alleges that Segal had a conflict of interest because Segal previously represented Logan, a member of the crack-cocaine ring and a prosecution witness at Petitioner's trial.

5

The Court's October 22, 2007 Order denied the Conflict of Interest Claim:

> Petitioner has presented no evidence to support his theory that Segal avoided any potentially fruitful area of cross-examination. Segal testified that he could recall no particular area of cross-examination that he avoided because of his prior representation of Logan. (Hr'g Tr. 21-22, Feb. 22, 2007; Hr'g Tr. 23-24, Mar. 15, 2007.) Petitioner's suggestion that Segal otherwise circumscribed his cross-examination is speculative and does not establish that Segal was ineffective. Because Petitioner cannot establish that Segal forfeited a plausible alternative trial strategy, see Eisemann, 401 F.2d at 107, he cannot establish that Segal's performance was adversely affected by his prior representation of Logan. Accordingly, Segal's representation of Logan does not create a conflict of interest warranting the grant of Petitioner's § 2254 petition.

(Oct. 22, 2007 Order 6.) Petitioner moves the Court to reconsider this holding. (See Pet'r Mem. 14, 16.)

On a motion for reconsideration, the movant "must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Morales v. Quintiles Transnational Corp., 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998) (quoting Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). This standard "is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court." Travelers Ins. Co. v. Buffalo Reinsurance Co., 739 F. Supp. 209, 211 (S.D.N.Y. 1990) (internal

6

quotation marks and citation omitted); accord Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court.") The Court emphasizes that a motion for reconsideration "is not a substitute for appeal." Morales, 25 F. Supp. 2d at 372.

Petitioner argues that there is a need to correct a clear error because the Court overlooked portions of Segal's testimony. (See Pet'r Mem. 16, 17; Pet'r Reply Mem. 1-3, D.E. 62.) Petitioner's argument is without merit.[1] The Court previously considered Segal's testimony in its entirety, and now concludes that the October 22, 2007 Order was not clearly erroneous.[2]

---

[1] Indeed, Petitioner relies in part on portions of Segal's testimony explicitly cited in the Court's October 22, 2007 Order. (Compare Pet'r Mem. 17, 18 and Pet'r Reply Mem. 1, 3 with Oct. 22, 2007 Order 6 (citing Hr'g Tr. 21, Feb. 22, 2007; Hr'g Tr. 32, 34, Mar. 15, 2007).)

[2] Petitioner cites to portions of Segal's testimony related to Segal's failure to cross-examine Logan about who attended the wake of a former leader of the crack-cocaine ring, John Smith. (See Pet'r Mem. 17; Pet'r Reply Mem. 2 (citing Hr'g Tr. 28, 54, Feb. 22, 2007).) Segal's testimony on this issue reveals that Segal avoided questioning Logan about the wake because Segal did not want Logan to disclose that Segal had attended the wake. Segal testified that he attended the wake because "I had represented John Smith on numerous cases, and I had a very good relationship with him and his mother. And I just didn't want it coming out that there was more of a relationship - that the relationship flowed down to [Petitioner] in some way because I went [to the wake]." (Hr'g Tr. 54-55, Feb. 22, 2007.) Any failure to cross-examine Logan on this issue resulted from Segal's attendance at Smith's wake (which in turn resulted from Segal's prior representation

7

Accordingly, the Court denies Petitioner's motion for reconsideration of the Conflict of Interest Claim.

### III. The Discipline Claim, the Uncharged Crime Claim, and the Trial Court Misconduct Claim

The Report determined that the Discipline Claim, the Uncharged Crime Claim, and the Trial Court Misconduct Claim all lack merit. (See Report 2 n.1, 24-28, 10-15, 28-31.) The Court's October 22, 2007 Order informed the parties that,

---

of Smith), and **not** from any conflict arising from Segal's prior representation of Logan. Accordingly, Segal's testimony on this issue does not provide a basis for finding that Segal's conflict of interest (based on Segal's prior representation of Logan) adversely affected Segal's performance.

Petitioner also cites to portions of Segal's testimony related to Segal's failure to cross-examine Logan about Logan's promotion to lieutenant in the crack-cocaine ring (the "promotion argument"). (See Pet'r Mem. 18; Pet'r Reply Mem. 3 (citing Hr'g Tr. 32, 34, Mar. 15, 2007).) At trial, Segal commenced cross-examining Logan about Logan's promotion, but in response to a question about the date of the promotion, Logan disclosed Segal's prior representation of Logan. At the hearing on remand, Segal testified that (1) "he probably would have proceeded differently" but for Logan's disclosure (Hr'g Tr. 32, Mar. 15, 2007); and (2) his cross-examination of Logan changed based in part on Logan's disclosure (see id. at 34). However, Segal also repeatedly testified that he could not remember whether he "asked less than [he] wanted to" (id. at 33; see also id. at 20 (Segal acknowledged that he later returned to cross-examining Logan on the promotion and testified: "Whether I asked less than I wanted to, that I can't tell you"); 34 (Segal testified "I can't answer that question" upon learning of Petitioner's counsel's intention to ask if Segal "recall[ed] whether or not he intended to question [] Logan about the incongruity of having been fired by [the leader of the crack-cocaine ring] and then promoted by [Petitioner]").

Petitioner bears the burden of proving that Segal's conflict of interest (based on Segal's prior representation of Logan) adversely affected Segal's performance. Mickens, 535 U.S. at 174. Although Segal speculated that he may have proceeded differently because of Logan's disclosure (see Hr'g Tr. 32, 34, Mar. 15, 2007), the Court credits Segal's testimony that he could not recall any forfeited line of inquiry. The Court thus finds that Petitioner fails to carry his burden of establishing that the conflict of interest adversely affected Segal's performance.

pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), they had until November 7, 2007 to file any objections to the Report's analysis of these three claims. The October 22, 2007 Order explicitly cautioned that failure to file timely objections would preclude appellate review.

Petitioner nevertheless "waived his objections." (Pet'r Mem. 1.) Thus, no objections have been filed and the time to object has expired. See IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993). The Second Circuit "ha[s] adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision," Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (citations omitted); "[t]he Supreme Court upheld this practice, at least when the parties receive clear notice of the consequences of their failure to object." Id. (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).

The Court has reviewed the Report and finds it to be well-reasoned and free of any "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). Accordingly, the Court adopts the Report's analysis of the Discipline Claim,

the Uncharged Crime Claim, and the Trial Court Misconduct Claim.[3] The Court thus denies these three claims.

## IV. Conclusion

For the reasons stated above, the Court (1) denies Petitioner's motion for reconsideration, and (2) adopts the remaining portions of the Report. Accordingly, the Court denies the Conflict of Interest Claim, the Discipline Claim, the Uncharged Crime Claim, and the Trial Court Misconduct Claim. The Court thus denies the Petition in its entirety.

A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); cf. United States v. Perez, 129 F.3d 255, 259-60 (2d

---

[3] However, the Court clarifies the following seven citations provided in the Report: First, the June 27, 1997 Decision cited on page 11 was attached as Exhibit C to the Petition. Second, the Perez citation provided on pages 12-13 should be: see also Perez v. McGinnis, No. 96-CV-5868, 1999 WL 1021818, at *14 (E.D.N.Y. Jan. 4, 1999). Third, the Pisani citation provided on page 13 should be: United States v. Pisani, 773 F.2d 397, 403 (2d Cir. 1985). Fourth, the Gayle citation provided on page 14 should be: Cf. Gayle, 779 F.2d at 807 (denying habeas in spite of comments by trial court that "may be described as caustic and sometimes sarcastic" because they failed to rise to the level of a due process violation). Fifth, the Jones citation provided on page 14 should be: Jones v. Kuhlmann, No. 93 Civ. 5963, 1995 WL 733649, at *5-6 (S.D.N.Y. Dec. 12, 1995). The explanatory parenthetical should remain the same. Sixth, the citation provided for the Appellate Division's holding on Petitioner's direct appeal should be: People v. Sutton, 633 N.Y.S.2d 122, 123 (N.Y. App. Div. 1995). Seventh, the analysis supported by Ramos on page 30 should be: "Only the introduction of improper evidence that is so extremely unfair that its admission violates fundamental conceptions of justice . . . is reviewable by [a] habeas court." Ramos v. Keane, No. 98 Civ. 1604, 2000 WL 12142, at *7 (S.D.N.Y. Jan. 6, 2000) (internal quotation marks and citation omitted).

Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. The Clerk of Court is directed to close this case; any pending motions are moot.

SO ORDERED.

Dated: New York, New York
July 30, 2008

                                      Kimba M. Wood
                             United States District Judge